**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

STEVEN GONZALES,

              Plaintiff - Appellant,

   v.

GODWIN UGWUEZE,

              Defendant - Appellee.

No. 14-15527

D.C. No. 1:11-cv-01588-LJO-SKO

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted February 17, 2015[**]

Before:    O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

California state prisoner Steven Gonzales appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs. We have jurisdiction under 28 U.S.C.

§ 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2004), and we affirm.

The district court properly granted summary judgment because Gonzales failed to raise a genuine dispute of material fact as to whether Dr. Ugwueze was deliberately indifferent to Gonzales's knee pain. *See id.* at 1057-60 (a prison official acts with deliberate indifference only if he or she knows of and disregards an excessive risk to a prisoner's health; a mere difference in opinion between a prisoner and a physician concerning the appropriate course of treatment is insufficient); *see also McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc) ("A defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established.").

The district court did not abuse its discretion in denying Gonzales's motion for appointment of an expert witness because Gonzales's deliberate indifference claim was neither factually nor legally complex. *See Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1070-71 (9th Cir. 1999) (setting forth standard of review).

**AFFIRMED.**

14-15527